IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-219-BO

| | |
|---|---|
| WENDELL KINCAID GATLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on December 15, 2016, at Raleigh, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) under Title II of the Social Security Act and supplemental security income (SSI) under Title VXI of the Social Security Act. Plaintiff filed for DIB and SSI on July 25, 2011, alleging disability since April 29, 2010. After initial denials, a hearing via videoconference was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's bipolar disorder, obesity, and history of orthopedic problems were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ then concluded that plaintiff had the residual functional capacity (RFC) to perform a restricted range of sedentary work. The ALJ found that plaintiff could not perform his past relevant work as corrections officer, but found that, considering plaintiff's age, education, work experience, and RFC, there were jobs which existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of his decision, December 20, 2012.

A severe impairment is one which significantly limits a claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). "An impairment can be considered as 'not severe' only if it is a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984) (quoting *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir.1984) (internal quotations and alterations omitted). "Ordinarily, this is not a difficult hurdle for the claimant to clear." *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 474 n.1 (4th Cir. 1999). Here, the ALJ considered plaintiff's bilateral carpal tunnel syndrome, but concluded that it was not a severe impairment, noting that plaintiff underwent carpal tunnel release surgery on March 29, 2012, had recovered, and that there were no residual problems which would indicate functional limitations. Tr. 35. Substantial evidence in the record does not support the ALJ's conclusion.

While plaintiff underwent carpal tunnel release surgery on his left wrist in March 2012, Tr. 938, plaintiff has not undergone surgery on his right wrist, although he was diagnosed with bilateral carpal tunnel syndrome. Tr. 931 (moderate to severe axonal and demyelinating sensory-motor median neuropathy at bilateral wrist). Further, although the ALJ concluded that plaintiff's carpal tunnel syndrome had resolved, the record reflects that plaintiff's carpal tunnel syndrome continued to be characterized as chronic after the 2012 surgery, that plaintiff's neuralgia on the left had resolved although he still reported pain, and that plaintiff was advised by his physician to continue to split his wrist in the evenings for pain. Tr. 762. In August 2012, plaintiff's physician reported return of neuralgia on the left and continued neuralgia on the right, positive Tinel's tests at digits 1, 2, and 3 on the left, and positive Flick sign on the left; plaintiff's physician urged him

4

to follow-up with his orthopedic surgeon regarding hand pain. Tr. 755-56. Regarding why plaintiff has not undergone any subsequent carpal tunnel surgeries, plaintiff submits that he had to save money to pay for the first carpal tunnel release surgery, and a "claimant may not be penalized for failing to seek treatment she cannot afford." *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986).

Thus, the record does not support the ALJ's conclusion that plaintiff's carpal tunnel syndrome had resolved. This error is particularly harmful here because plaintiff was limited by the ALJ to a reduced range of sedentary work, which often involves "good use of both hands and the fingers; i.e., bilateral manual dexterity." SSR 96-9p. Remand is therefore appropriate for the ALJ to consider again the severity of plaintiff's carpal tunnel syndrome and its effects on plaintiff's ability to perform work.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion for judgment on the pleadings [DE 20] is DENIED. The decision of the ALJ is REMANDED to the Acting Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this __13__ day of January, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5